IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ALONZO AUSTIN,**

    **Plaintiff,**

vs.                                                              CASE NO. 4:07CV420-RH/AK

**JAMES S. GASKINS,**

    **Defendants.**

_____/

## O R D E R

Defendant has moved to extend the time to respond to Plaintiff's Motion for Summary Judgment (doc. 20), which Plaintiff filed in response to Defendant's Motion to Dismiss. (Doc. 19).

In reviewing this case, the Court anticipates considering the matters which have been attached by Defendant to the motion to dismiss.  Thus, under Rule 12(b), Federal Rules of Civil Procedure, the motion to dismiss will be converted into a Rule 56 motion for summary judgment.

"[S]ummary judgment may not be entered against a party unless the court has strictly complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)." Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987), *citing* Griffith v. Wainwright, 772 F.2d 822, 824-25 (11th Cir. 1985).  This requires that the Court give express 10 day notice of the summary judgment rules, of the right to file affidavits or other material, and

the consequences of default; *i.e.*, the fact that final judgment may be entered without a trial and that the moving party's evidence may be accepted as true if not contradicted by sworn affidavits. *Id.* This order is entered in compliance with Brown and Griffith.

Plaintiff is advised that in opposing the motion he is the nonmoving party, and as Plaintiff he bears the burden of proof. In this situation, Defendant need not negate Plaintiff's claim. Rather, the burden on a defendant moving for summary judgment is to demonstrate an absence of evidence to support the plaintiff's case. Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). In opposition, Plaintiff must come forward with **evidentiary material** demonstrating a genuine issue of fact for trial. Reliance on the pleadings is inadequate. 477 U.S. at 324. Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e).

Although Plaintiff has already filed a response, he is herein advised that he may file another response with additional evidentiary materials if he so desires, but must file such response **on or before February 25, 2008.**

Defendant should await this additional response or for the time to expire before filing a response to Plaintiff's Motion for Summary Judgment addressing the issues

**No. 4:07cv420-RH/AK**

raised in the motion for summary judgment (doc. 20), as well as any raised in an additional response.

Accordingly, it is **ORDERED:**

1. The parties are advised that the motion to dismiss (doc.19) will be converted to a motion for summary judgment and considered under the applicable standards for such motions as outlined in this Order.

2. That Defendants' Motion for Extension of Time to File Response (doc. 21) is **GRANTED**, and Defendant shall respond to the motion for summary judgment and any additional response filed by Plaintiff on **or before March 14, 2008,** and a report and recommendation will be entered after that date. Plaintiff must submit any additional material in opposition to summary judgment on or before **February 25, 2008.**

**DONE AND ORDERED** this   *11th*   day of February, 2008.

                         *s/ A. KORNBLUM*
                         **ALLAN KORNBLUM**
                         **UNITED STATES MAGISTRATE JUDGE**

**No. 4:07cv420-RH/AK**