IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALONZO AUSTIN,

    Plaintiff,

vs.                                                      CASE NO. 4:07CV420-RH/AK

JAMES S. GASKINS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

    This case was transferred from the Middle District of Alabama, and the complaint had already been served upon the defendant. (Doc. 13). Defendant filed a motion to dismiss, which was construed as a motion for summary judgment, (doc. 19), and Plaintiff has filed a counter motion for summary judgment. (Doc. 20). Defendant responded to Plaintiff's motion (doc. 23), and submitted a Statement of Material Facts with additional exhibits. (Doc. 24).

**I.    Allegations of the complaint**

    Plaintiff was stopped by Defendant, a Florida State Highway Patrol Officer, on April 18, 2006, and given a traffic citation for failure to wear a seat belt. He appeared in court to defend himself and the citation was dismissed. Defendant did not appear at the hearing on the citation. Plaintiff seeks expenses incurred in attending the hearing (rental car, food, and lodging), and punitive damages against what he claims is

malicious prosecution, illegal seizure, police harassment, and equal protection violations (under the Fourth, Fifth, Sixth, and Fourteenth Amendments).

## II.     Standard of Review

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case."  Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).  All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts.  Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002).   The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  Celotex, 477 U.S. at 322-23.  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof.  Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).  "For factual issues to be considered genuine, they must have a real basis in the record."  Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

**No. 4:07cv420-rh/ak**

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment. Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

**III.    Defendant's relevant Rule 56(e) evidence (docs. 19 and 24)**

   a)    Traffic Stop Data Report Listing

Shows that Plaintiff was stopped at 8:24 p.m. Notes attached state:

Came by at dusk with parking lights on only, no headlights. As I stopped him I could see the driver's belt was hanging, not strapped. No tint on windows. Seat belt was broken. Tpr Joyce had just cleared a 10-50 and was E8 shoulder and observed Def driving w/o headlights. Pulled over with me, but did not exit his car. Def upset with seatbelt law.

   b)    Sun Position Results for Tallahassee, Florida

Shows that on April 18, 2006, the sun set at 20:05.

**No. 4:07cv420-rh/ak**

  c)  <u>Affidavit of Defendant James Gaskins (doc. 24, exhibit 1)</u>

Defendant Gaskins is a Florida Highway Patrol Officer who observed plaintiff driving without headlights on April 14, 2006, after sunset, and he stopped him. He saw that Plaintiff was not wearing a seat belt and issued him a citation as well as a warning notice for not using headlights after sunset. He recalls that Plaintiff showed him that the seatbelt was broken and expressed his disagreement with the seat belt laws.

  d)  <u>Traffic Citation (doc. 24, exhibit 2)</u>

Citation written on April 18, 2006, at 8:24 p.m. on a 1973 Mercedes to Plaintiff for $76.50.

  e)  <u>Warning Notice (doc. 24, exhibit 3)</u>

Plaintiff given warning about his headlights.

**IV.**  **Plaintiff's relevant evidence (doc. 20)**

  a)  <u>Plaintiff's Affidavit (doc. 20, p.3)</u>

Plaintiff admits that he was traveling "late in the evening" when he was stopped by Defendant and given a citation for violating Florida seat belt law. He contends that Defendant wrote on the citation that the seat belt was broken. Plaintiff claims that he researched the law and found that Defendant violated Florida Statute §§316.614(8) and (9), which he calls "preemption."[1] (Doc. 20, pp 5-6). Plaintiff requested a hearing and Defendant did not appear, so that he was found not guilty and his case was dismissed. Plaintiff claims that Defendant violated his rights and it cost him $215.92 to defend

---

[1] Section 8 requires that enforcement of the seat belt law must be accomplished as a secondary action, that is when the driver has been stopped for another infraction, with certain exceptions not applicable to the facts asserted here. Section 9 prohibits the use of racial profiling.

**No. 4:07cv420-rh/ak**

himself at this hearing.  He also seeks $100,000.00 in punitive damages, injunctive relief and costs.

b)  Notice of Infraction Hearing

Plaintiff was notified that an infraction hearing on his traffic citation was set for July 19, 2006, at 1:30 p.m. in the Leon County Courthouse Annex in Tallahassee, Florida.  The notice indicated that Defendant Gaskins was "TO BE PRESENT."

c)  Enterprise Invoice dated July 18, 2006

The invoice indicates a charge of $91.68 for two days rental from July 18, 2006, through July 20, 2006.

d)  Traffic Citation

This copy is substantially the same as was submitted by Defendant, except it has written at the bottom "BELT BROKEN."

e)  Infraction Hearing dated July 19, 2006

Shows charge was "Driver not belted-to be cited."  The plea was "Not Guilty," and the Adjudication was "Dismissal."

**V.   Analysis**

a)  Eleventh Amendment Immunity

A suit against a state official in his official capacity is a suit against the state itself to which the state's Eleventh Amendment immunity applies.  Kentucky v. Graham, 473 U.S. l59, l67 (l985).  See also, Brandon v. Holt, 469 U.S. 464, 47l-473 (l985).

A limited exception to the Eleventh Amendment immunity of state officials sued in their official capacities has been recognized where prospective relief is sought against a

**No. 4:07cv420-rh/ak**

state official in a suit challenging the constitutionality of his actions. <u>Penhurst State School & Hospital v. Halderman</u>, <u>supra</u>, at l02-l03. Thus, a state official who has allegedly violated constitutional rights of a plaintiff may be sued in his official capacity for injunctive or declaratory relief governing his future conduct, but is immune, in his official capacity, to suit for retroactive monetary relief (damages) arising out of the same conduct. <u>Id</u>.

Thus, insofar as Plaintiff asserts any claim for damages against Defendant Gaskins in his official capacity, these claims are barred by Eleventh Amendment immunity.

  b) <u>Injunctive relief</u>

In order to obtain injunctive relief, Plaintiff must show a "real and immediate threat" that he would ever again be subjected to the conduct he complains about. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 103 (1983); <u>Wooden v. Board of Regents</u>, 247 F.3d 1262 (11th Cir. 2001). Plaintiff seeks "an injunction against defendant Sgt. James S. Gaskins, prohibiting him from issuing unlawful citations in violation of the pre-emption cited above in this complaint." (Complaint, p. 7). The likelihood that Plaintiff would ever again be stopped by this Defendant for failing to use his headlights and his seat belt is speculative, and as Defendant asserts, not a real or immediate threat. Thus, even though his claims for injunctive relief are not barred by Eleventh Amendment immunity, his Plaintiff's claims for prospective relief should also be dismissed.

**No. 4:07cv420-rh/ak**

      c)    <u>Qualified Immunity</u>

The only remaining avenue for relief are Plaintiff's claims for damages against Defendant in his individual capacity.

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" <u>Vinyard v. Wilson</u>, 311 F.3d 1340, 1346 (11th Cir.2002) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." <u>Lee v. Ferraro</u>, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks and citations omitted). To receive qualified immunity, "the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." <u>Id.</u> (internal quotation marks omitted). "Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." <u>Id.</u>

The Supreme Court has set forth a two-part test for the qualified immunity analysis. "The threshold inquiry a court must undertake in a qualified immunity analysis is whether [the] plaintiff's allegations, if true, establish a constitutional violation." <u>Hope v. Pelzer</u>, 536 U.S. 730, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002) (citing <u>Saucier v. Katz</u>, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). "If no constitutional

**No. 4:07cv420-rh/ak**

right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201.  "If a constitutional right would have been violated under the plaintiff's version of the facts, 'the next, sequential step is to ask whether the right was clearly established.'" Vinyard, 311 F.3d at 1346 (quoting Saucier, 533 U.S. at 201).

There is no argument by Plaintiff that Defendant was acting outside the scope of his duties as a highway patrol officer, thus Defendant was clearly acting within his discretionary authority.

The next inquiry under the analysis set forth above is whether a constitutional right has been violated under the facts alleged by Plaintiff.  Plaintiff's allegations, although asserted under the Fourth Amendment, are actually based on state, not federal law.  His claim is premised on Florida Statute §§316.614(8)[2] and his assertion that the officer stopped him because he was not wearing a seat belt, which according to state law cannot be the primary reason for the traffic stop.  Under federal law, a routine traffic stop is a limited form of seizure analyzed for Fourth Amendment purposes under the standard adopted in Terry v. Ohio, 392 U.S. 1 (1968), which is that of "reasonable suspicion."  An officer's actions viewed in the totality of the circumstances requires that the officer "be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion [the stop]." Terry, 392 U.S. at 21; United States v. Tapia, 912 F.2d 1367, 1370 (11th Cir. 1990).  This

---

[2] Since Plaintiff has not provided facts from which a claim of racial profiling could be addressed, his argument will be based on the "pre-emption" claim or that the officer stopped him for the primary reason that he was not using a seat belt.

**No. 4:07cv420-rh/ak**

standard is less than probable cause, but must be more than a "hunch" and requires that the officer articulate some minimal, objective justification for a traffic stop. Tapia, at 1370; United States v. Williams, 876 F.2d 1521 (11th Cir. 1989).

Defendant argues and has provided proof in the ticket, his notes, and the warning notice, that he stopped Plaintiff not because he saw that he had no seat belt on, but because it was after dark and Plaintiff was driving without his headlights. After he stopped Plaintiff, Defendant observed that he was not wearing a seat belt. Plaintiff does not address this point at all. Nor has Plaintiff provided contrary evidence to Defendant's proof that the sun set at 8:05 that day and Plaintiff was stopped at 8:24 p.m., and that this was the primary reason (and the objective justification) for the traffic stop. With no evidence to the contrary on this point, Defendant Gaskins did not violate constitutional law (or state law for that matter) when he stopped Plaintiff, no illegal seizure occurred, and therefore, Plaintiff has failed to establish a constitutional violation. The analysis necessary to determine qualified immunity ceases at this point, and Defendant is immune from suit on this claim.

    d)    <u>Malicious Prosecution</u>

Out of an abundance of caution, the Court will address the merits of Plaintiff's claim for malicious prosecution. To establish a claim for federal malicious prosecution under 1983, a plaintiff must prove: (1) the elements of the common law tort of malicious prosecution; and (2) a violation of a Fourth Amendment right to be free of unreasonable seizures. Wood v. Kelser, 323 F.3d 872, 881 (11th Cir. 2003). Under Florida tort law, a plaintiff must prove each of the following six elements: (1) an original judicial proceeding

**No. 4:07cv420-rh/ak**

against the present plaintiff as commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff;[3] (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. Durkin v. Davis, 814 So.2d 1246, 1248 (Fla.Dist. Ct. App. 2002). See also Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004).

As set forth above, Plaintiff has **not** proved a Fourth Amendment illegal seizure. Further, the Court finds that there **was** probable cause for the original proceeding. In the context of a malicious prosecution, Florida courts have held that probable cause is "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged. Goldstein v. Sabella, 88 So.2d 910 (Fla. 1956). "[O]ne need not be certain of the outcome of the criminal or civil proceeding to have probable cause for instituting such an action." Id., at 911. This definition is very similar to the federal standard of reasonable suspicion necessary to justify a traffic stop under Fourth Amendment law. Applying this standard to the facts before the Court, it is reasonable under the circumstances for Defendant to have stopped Plaintiff for driving without headlights, and upon finding his seat belt broken (which Plaintiff himself asserts) and not in use, to have issued a citation for this traffic violation.

---

[3] Actual innocence is not required to satisfy the favorable termination requirement of a malicious prosecution claim, and dismissal of a charge may constitute a favorable termination. Uboh v. Reno, 141 F.3d 1000, 1005-1006 (11th Cir. 1998).

**No. 4:07cv420-rh/ak**

Finally, there has been no showing that Defendant's actions were based on malice. Malice, in the context of a malicious prosecution action, has been defined as instigation of a legal proceeding without probable cause. Jones v. State Farm Mut. Auto. Ins. Co., 578 So. 2d 783, 785 (Fla. App. 1 Dist. 1991). Thus, Plaintiff has failed to state a claim for malicious prosecution.

e) Other claims

Plaintiff loosely asserts violations of the Fifth, Sixth, Fourteenth and Equal Protection Clause of the Constitution, but provides no facts upon which any of these claims could be addressed. Thus, these claims, too, must fail.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion for Summary Judgment (doc. 19) be **GRANTED**, and Plaintiff's Motion for Summary Judgment (doc. 20) be **DENIED**, and this cause be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Gainesville, Florida, this __9th__ day of April, 2008.

                    *s/ A. KORNBLUM*
                    **ALLAN KORNBLUM**
                    **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 4:07cv420-rh/ak**