IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALONZO AUSTIN,

    Plaintiff,

v.                                                              CASE NO. 4:07cv420-RH/AK

JAMES S. GASKINS,

    Defendant.

_____/

## ORDER OF DISMISSAL

The plaintiff asserts that the defendant law enforcement officer conducted an improper traffic stop and improperly cited the plaintiff for failure to wear his seatbelt. The case is before the court on the magistrate judge's report and recommendation (document 25) and the objections (document 26). The report and recommendation concludes that summary judgment should be entered in the defendant's favor.

In the objections, the plaintiff apparently asserts he has been given insufficient opportunity to respond to the defendant's summary judgment motion. That seems unlikely. By order entered February 11, 2008, the magistrate judge

specifically advised the plaintiff of the type of materials that may be considered on a summary judgment motion. The order set a deadline of February 25, 2008, for the plaintiff to file any further materials in opposition to the motion. That was not long, but the magistrate judge took no action until April 9, 2008, roughly two months after the plaintiff was specifically advised of his obligation to file any evidentiary materials on which he relied.

More fundamentally, however, the plaintiff's procedural objection is easily cured. By this order, the plaintiff will be given an opportunity—and more than sufficient time—to submit any additional evidence.

The plaintiff should take note, however, that the legal analysis in the report and recommendation is correct. As set forth there, if the plaintiff was driving after sunset with his headlights off, the defendant law enforcement officer was entitled to stop him. And if the plaintiff was driving without his seatbelt fastened, the defendant was entitled to give him a citation for that offense as well. Indeed, the defendant did not violate federal law even if he stopped the plaintiff only for driving without his seatbelt fastened. *See, e.g., Virginia v. Moore*, — U.S. —, 2008 WL 1805745 (April 23, 2008) (holding that a police officer does not violate the Fourth Amendment by making an arrest based on probable cause even if the arrest is prohibited by state law).

For these reasons,

IT IS ORDERED:

The plaintiff may file additional evidentiary materials in opposition to the defendant's motion for summary judgment by June 19, 2008.  The clerk shall refer the file to the district judge, not to the magistrate judge, at that time.

SO ORDERED this 5th day of May, 2008.

s/Robert L. Hinkle<br>
Chief United States District Judge