**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

ALONZO AUSTIN,

        Plaintiff,

v.                                  CASE NO.  4:07cv420-RH/AK

JAMES S. GASKINS,

        Defendant.

_____/

**ORDER OF DISMISSAL**

The plaintiff asserts that the defendant Florida Highway Patrol trooper conducted an improper traffic stop and improperly cited the plaintiff for failure to wear his seatbelt.  The plaintiff seeks relief only under federal law—42 U.S.C. § 1983 and the United States Constitution.

The complaint alleges that the stop occurred on April 18, 2006, and the citation attached to the complaint bears that date.  The defendant moved for summary judgment and erroneously listed the date of the stop as April 14, 2006.

The magistrate judge entered a report and recommendation (document 25) that concluded summary judgment should be granted.  The report and

recommendation noted that the record established without dispute that the plaintiff

was driving after sundown with his headlights off and was not wearing his seatbelt.

Based on these undisputed facts, the report and recommendation concluded that the

stop and citation were proper.  The report and recommendation did not explicitly

note or discuss the discrepancy in the summary-judgment papers regarding the

date.  This was understandable; the exact date did not matter.

The plaintiff filed objections that apparently asserted he had been given

insufficient opportunity to respond to the summary judgment motion.  (Document

26.)  By order entered May 5, 2008, I noted that the plaintiff's claim that he had

been given insufficient time to respond seemed unlikely, but I nonetheless gave the

plaintiff another month and a half to submit additional evidence.  I also said:

> The plaintiff should take note, however, that the legal analysis
> in the report and recommendation is correct.  As set forth there, if the
> plaintiff was driving after sunset with his headlights off, the defendant
> law enforcement officer was entitled to stop him.  And if the plaintiff
> was driving without his seatbelt fastened, the defendant was entitled
> to give him a citation for that offense as well.  Indeed, the defendant
> did not violate federal law even if he stopped the plaintiff only for
> driving without his seatbelt fastened. *See, e.g., Virginia v. Moore*, —
> U.S. —, 2008 WL 1805745 (April 23, 2008) (holding that a police
> officer does not violate the Fourth Amendment by making an arrest
> based on probable cause even if the arrest is prohibited by state law).

Order of May 5, 2008 (document 29) at 2.

In response, the plaintiff submitted his own affidavit stating that he was not

stopped by the defendant officer on April 14, 2006, and was not even in the state of

Florida on that date.  The plaintiff also asserted he was entitled to prevail based on

the *res-judicata* doctrine and the state court's dismissal of the seatbelt charge.

The plaintiff's affidavit does not create a dispute of material fact.  The stop

occurred on April 18, 2006.  The plaintiff's own complaint so alleges.  The

plaintiff has not denied that he was stopped on that date.  That the defendant's

summary-judgment papers got the date wrong does not matter.

The plaintiff has not denied that at the time of the stop, he was driving after

sundown with his headlights off and was not wearing his seatbelt.  The seatbelt

apparently was broken, but the lights presumably were not.  In any event, driving

without lights after sundown, and driving without wearing a seatbelt, are traffic

violations in Florida.  The defendant thus had probable cause to make the stop and

issue the citation.

The plaintiff says he was acquitted of the seatbelt charge based on Florida

Statutes §§ 316.614(8) & (9).  Those statutes restrict an officer's ability to stop a

driver for a seatbelt offense.  Under § 316.614(8), an officer cannot properly stop a

driver for failure to wear a seatbelt unless the officer also has some other basis for

making the stop.  Under § 316.614(9), agencies must maintain certain information

about seatbelt citations.  But these are state-law restrictions that do not render a

stop improper under the *federal* Constitution or laws.  *See, e.g., Virginia v. Moore, supra.*  And this record makes clear that the defendant did not even violate state law.  To the contrary, the defendant made the stop not based only on the seatbelt violation, but also based on the headlight violation; the defendant thus did not violate § 316.614(8).  Nor did the defendant violate § 316.614(9); the record includes no evidence that the records required by that section were not kept, and in any event the duty to keep records falls on the agency, not the individual officer.

The plaintiff's *res-judicata* argument is equally unfounded.  First, the record indicates the state-law charges were dismissed because the defendant failed to show up for trial.  Even if this could be deemed a ruling on the merits that the charges were unfounded (an unlikely proposition), and even if the ruling could be deemed binding on the defendant (another unlikely proposition), it would not establish that the stop was improper or that the seatbelt charge was improperly filed.  The standard of proof at trial of course is higher than probable cause; that a charge cannot meet the higher standard at trial does not mean there was not probable cause to pursue the charge in the first place.  This record establishes without dispute that the defendant had probable cause to make the stop and to issue the citation.

In sum, the defendant is entitled to summary judgment on the plaintiff's

federal claims.  Accordingly,

IT IS ORDERED:

The report and recommendation (document 25) is ACCEPTED.  The

defendant's motion for summary judgment (document 19) is GRANTED.  The

plaintiff's motion for summary judgment (document 20) is DENIED.  The clerk

must enter judgment stating, "This case is dismissed with prejudice."  The clerk

must close the file.

SO ORDERED on August 25, 2008.

s/Robert L. Hinkle
Chief United States District Judge